# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-737-MOC-DCK

| | |
|---|---|
| GARY SURGEON, | ) |
|       Plaintiff, | ) |
| v. | ) **ORDER** |
| KELLY SHARP, and HEYSHARP, LLC, | ) |
|       Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the status of this case. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the record and applicable authority, the Court will require HeySharp, LLC to retain counsel and require the parties to conduct an Initial Attorney's Conference.

The undersigned first notes that there has been no activity by any party in this case since January 10, 2017. Moreover, the undersigned observes that HeySharp, LLC is a Defendant in this matter, and that there has been no appearance of counsel for HeySharp, LLC.

Defendant HeySharp, LLC is advised that it must retain counsel. Indeed, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); see also, Farazad v. Arris, 3:16-CV-077-FDW-DCK, 2016 WL 5719687, at *1 (W.D.N.C. Sept. 29, 2016) (citing MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 2013 WL 1243541, at **1 (4th Cir. March 28, 2013) (citing United States v. Hagerman, 545 F.3d 579, 581–82 (7th Cir.

2008) (LLCs, like corporations, are not permitted to proceed *pro se*)); and <u>Peak Resorts, LLC v. Ski the Ridges, LLC</u>, 1:13-CV-055-MOC, 2014 WL 4351623, at *1 (W.D.N.C. Aug. 29, 2013).

The Court recognizes that parties in this matter are appearing *pro se*; nevertheless, all parties must abide by the Local Rules of this Court and the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that Defendant HeySharp, LLC shall have its counsel file a Notice Of Appearance on or before **March 6, 2018**. <u>See</u> Local Rule 83.1.

**IT IS FURTHER ORDERED** that Plaintiff and counsel for Defendant(s) shall conduct an Initial Attorney's Conference ("IAC") on or before **March 13, 2018**, and then submit a Certificate of Initial Attorney's Conference **within seven (7) days** of the IAC. <u>See</u> Local Rule 16.1. In the alternative, the parties may file a Notice Of Settlement by March 13, 2018.

**IT IS FURTHER ORDERED** that failure to properly follow this Order and/or abide by the Rules of this Court and the Federal Rules of Civil Procedure may result in sanctions against the litigants, which may include, among other things, the dismissal of this lawsuit. <u>See</u> Fed.R.Civ.P. 37(f) and 41(b).

<u>The Clerk of Court is directed to send copies of this Order to all parties by certified U.S. Mail, return receipt requested</u>.

**SO ORDERED**.

Signed: February 26, 2018

David C. Keesler
United States Magistrate Judge