# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-737-MOC-DCK

| | |
|---|---|
| GARY SURGEON, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION AND |
| | ) ORDER |
| KELLY SHARP, AND HEYSHARP, LLC | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion" for Default Judgment (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## BACKGROUND

Plaintiff Gary Surgeon ("Plaintiff" or "Surgeon") initiated this action with the filing of a "Complaint" (Document No. 1) on October 25, 2016. Plaintiff alleges that Defendants Kelly Sharp ("Sharp") and HeySharp, LLC ("HeySharp") (together "Defendants") have conducted and participated in a deceptive marketing enterprise through patterns of racketeering activity, including: mail fraud, wire fraud, and use of interstate facilities to conduct unlawful activity. (Document No. 1, p.5). The Complaint and Summons were served on Kelly Sharp on December 21, 2016. (Document No. 6).

On January 10, 2017, Defendant HeySharp filed an Answer and Counterclaim. (Document No. 7). The Answer is signed by Kelly Sharp. (Document No. 7, p.6). Notably, the Answer

asserts that this Court lacks personal jurisdiction over HeySharp; that venue is improper; and that the Complaint fails to state a claim upon which relief may be granted. (Document No. 7, p.8). Plaintiff has failed to file a timely answer or otherwise respond to Defendant's Counterclaim.

On or about August 2, 2017, the Court docketed a Notice of Lack of Prosecution. Then, on February 26, 2018, the undersigned issued an Order directing that Defendant HeySharp have its counsel file a Notice of Appearance and that the parties file a Certificate of Initial Attorney's Conference. (Document No. 9). The parties failed to respond to the Court's Order. Instead, Plaintiff filed the pending "Motion" seeking default judgment against Defendants on March 19, 2018. (Document No. 10).

## DISCUSSION

Regarding the pending motion, the undersigned observes that Plaintiff has apparently failed to serve, or even attempt to serve, the motion on Defendants. See Fed.R.Civ.P. 5 and 55. Moreover, the undersigned is not persuaded that the pending motion provides adequate argument or authority to support the requested relief. See (Document No. 10). At most, the motion suggests that default judgment is appropriate against Defendant HeySharp because it has not had an attorney file a Notice of Appearance. Id. Plaintiff seeks an award of $5,000.00, but offers no explanation or accounting for such alleged damages. Id. The Complaint does appear to specifically allege any amount of damages. (Document No. 1).

In addition, based on review of the pleadings, the undersigned is concerned that Plaintiff has failed to establish that this Court has subject matter jurisdiction over this matter and/or personal jurisdiction over Defendants.

2

Under the circumstances of this case, including several deficiencies in the filings and acknowledging the *pro se* status of the parties, the undersigned will require some clarification from both sides, as directed below.

## RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that *pro se* Plaintiff's "Motion" for Default Judgment (Document No. 10) be **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED** that Plaintiff shall **SHOW CAUSE** why this matter should not be **DISMISSED** for lack of subject matter jurisdiction and personal jurisdiction, on or before **May 18, 2018**.

**IT IS FURTHER ORDERED** that Defendants shall **SHOW CAUSE** why they should not be sanctioned for failure to comply with this Court's "Order" (Document No. 9), on or before **May 18, 2018**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send copies of this Memorandum Recommendation And Order to all parties by certified U.S. Mail, return receipt requested.

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: April 13, 2018

David C. Keesler
United States Magistrate Judge