IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-737-MOC-DCK

| | |
|---|---|
| GARY SURGEON, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| KELLY SHARP, AND HEYSHARP, LLC | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's motion for "Dismissal With Prejudice" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## BACKGROUND

Plaintiff Gary Surgeon ("Plaintiff" or "Surgeon") initiated this action with the filing of a "Complaint" (Document No. 1) on October 25, 2016. Plaintiff alleges that Defendants Kelly Sharp ("Sharp") and HeySharp, LLC ("HeySharp") (together "Defendants") have conducted and participated in a deceptive marketing enterprise through patterns of racketeering activity, including: mail fraud, wire fraud, and use of interstate facilities to conduct unlawful activity. (Document No. 1, p.5). The Complaint and Summons were served on Kelly Sharp on December 21, 2016. (Document No. 6).

On January 10, 2017, Defendant HeySharp filed an Answer and Counterclaim. (Document No. 7). The Answer is signed by Kelly Sharp. (Document No. 7, p. 6). Notably, the Answer

asserts that this Court lacks personal jurisdiction over HeySharp; that venue is improper; and that the Complaint fails to state a claim upon which relief may be granted.  (Document No. 7, p. 8). Defendants purport to assert a Counterclaim against Plaintiff pursuant to Fed.R.Civ.P. 11. (Document No. 7, p. 16).  Plaintiff has failed to answer or otherwise respond to Defendant's Counterclaim.

On or about August 2, 2017, the Court docketed a Notice of Lack of Prosecution; however, neither side took any action in this litigation.  Then, on February 26, 2018, the undersigned issued an Order directing Defendant HeySharp to have its counsel file a Notice of Appearance, and further ordering the parties to conduct an Initial Attorney's Conference by March 13, 2018 and to file a Certificate of Initial Attorney's Conference.  (Document No. 9).  In addition, the Court advised the parties "that failure to properly follow this Order and/or abide by the Rules of this Court and the Federal Rules of Civil Procedure may result in sanctions against the litigants, **which may include, among other things, the dismissal of this lawsuit**."  (Document No. 9, p. 2) (citing Fed.R.Civ.P. 37(f) and 41(b)) (emphasis added).

The parties failed to appropriately or timely respond to the Court's Order.  Instead, Plaintiff filed a "Motion" on March 19, 2018, seeking an entry of default judgment against Defendants. (Document No. 10).

On April 13, 2018, the undersigned issued a "Memorandum And Recommendation And Order" (Document No. 12) recommending that Plaintiff's "Motion" for default judgment be denied and ordering that Plaintiff show cause why this action should not be dismissed and that Defendants show cause why they should not be sanctioned for not complying with the Court's Orders – by May 18, 2018.  No objections were filed, and Judge Cogburn affirmed the "Memorandum And Recommendation And Order" (Document No. 12) on May 2, 2018.  (Document No. 13).

On June 27, 2018, *pro se* Plaintiff filed the pending motion for "Dismissal With Prejudice" (Document No. 14). By the instant motion, Plaintiff requests that "the Court dismiss the claims in this action pursuant to rule 41(a)." Defendants have failed to file any response, even after the Court issued a Roseboro Order (Document No. 15) on July 5, 2018, advising Defendants of their right to respond and extending the time for them to file a response. In fact, neither Defendant has made any filing in this matter since January 10, 2017.

This matter is now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## DISCUSSION

Based on the background of this case, including the Court's previous warnings to the litigants, the undersigned finds good cause to recommend that Plaintiff's pending motion be granted and this entire case dismissed. In short, Plaintiff seeks to voluntarily dismiss this action, and Defendants appear to have abandoned any counterclaim(s) they might have originally sought and have repeatedly ignored the Orders of this Court.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Dismissal With Prejudice" (Document No. 14) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that all claims in this matter be dismissed with prejudice, and that this case be **CLOSED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send copies of this Memorandum Recommendation to all parties by certified U.S. Mail, return receipt requested.

**IT IS SO RECOMMENDED**.

Signed: July 24, 2018

David C. Keesler
United States Magistrate Judge